## STATE vs. FRANK REIMAN.

*Criminal Law—Information—Promising Money for Withholding a
Vote—Bail Bond—Plea in Abatement; Judgment
Thereon—Respondeat Ouster—Pleading—Reason-
able Doubt—Judgment of the Court.*

1.  Where the information alleged that the defendant *offered* to pay, etc., and it appeared by the bail bond offered in evidence that the defendant was held for *promising* to pay, etc., *held* by the Court that the bail bond set out the offense with sufficient precision to sustain the information.

2.  The judgment on a plea in abatement determined against the defendant is one of *respondeat ouster*.

3.  In the trial of a defendant for promising money for withholding a vote, the judgment of the Court must be one of not guilty, when the guilt of the prisoner is not proved beyond a reasonable doubt, for such is the rule in all criminal cases.

(*Trial, November, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.,*
Deputy Attorney-General, for the State.

*Walter H. Hayes* and *Herbert H. Ward* for defendant.

Court of General Sessions, Kent County, October Term, 1900.

INFORMATION, promising money for withholding a vote (No. 4, October Term, 1899). Heard, tried and determined by the Court.

Counsel for defendant filed a plea in abatement; which plea (omitting the caption) was in the following form, to wit:

"And now, to wit, this third day of November, A. D. 1899, the said Frank Reiman, by Walter H. Hayes and Herbert H. Ward, his attorneys, comes into court here and says that he, the said

defendant, never was held to bail by Ezekiel V. Cooper, Esquire, a Justice of the Peace of the State of Delaware, in and for Kent County, to appear at the April Term A. D. 1899 of said Court of General Session, and answer any of the offenses charged against him in said information as is supposed and alleged in the said information, and this he is ready to verify.

"Wherefore he prays judgment of the said information and that the same may be quashed.

"FRANK REIMAN."

"And now, to wit, this third day of November, 1899, the said Frank Reiman, the defendant in the above stated case, maketh oath and says that the plea hereto prefixed is true in substance and in fact.

"Sworn and subscribed to this third day of November, A. D. 1899, before me, Robert S. Downs, Clerk of the said Court of General Sessions."

The answer of the State to the above plea is abatement (omitting the caption) was as follows:

"And the said Robert C. White, Attorney-General for the State of Delaware, comes here into court on this third day of November, A. D. 1899, and says that the information filed in the above stated cause, by reason of anything said by the said Frank Reiman in his said plea above alleged, ought not to be quashed. Because he says that before the filing of the said information, to wit, on the tenth day of November, 1899, at Kent County aforesaid, the said Frank Reiman, defendant, was held in bail by Ezekiel V. Cooper, Esquire, a Justice of the Peace in and for the County and State aforesaid, to appear at the April Term, A. D. 1899, of said Court of General Sessions, to answer the said offenses charged against him in said information; and this the said Robert C. White, Attorney-General, prays may be inquired of by the country, etc.

"ROBERT C. WHITE, *Attorney-General.*"

The reply of the defendant (omitting the caption) was as follows:

"And the said defendant, by his said attorneys, as to the replication of the State to the plea of abatement by the defendant above pleaded, and whereof it has put itself on the country, doth the like.

"WALTER H. HAYES,
"HERBERT H. WARD,
"*Attorneys for Defendant.*
"November 3d, 1899."

After formally proving the bail bond in the above stated case of *State vs. Reiman* (No. 5), the Attorney-General offered the same in evidence and it was admitted, without objection, for what it was worth. The Attorney-General then stated that he would offer other evidence if the Court held that the bail bond was not sufficient to meet the question raised by the plea in abatement filed by the defendant.

Counsel for the defendant objected to the sufficiency of the bail bond, on the ground that while the information No. 5 alleged that the defendant, Frank Reiman, unlawfully *offered* to pay George A. Carter the sum of $15 as an inducement to the said George Carter to withhold his vote at the general election to be held in the First Representative District of Kent County, Delaware, on the Tuesday next after the first Monday in the month of November, A. D. 1898, etc., yet it appeared from the bail bond now offered that the defendant had been held for *promising* to pay the said Carter to withhold his vote, etc.; that it had been held by this Court in the case of *State vs. Harkins, 4 Harr., 559,* that there was a distinction between the words "offer" and "promise," and that the thing offered must be proved; therefore counsel for defendant contended that it must be set out in the bail bond as an *offer* before an offer could be proved. That the *Constitution, Section 7 Article 5,* referring to these words was in the disjunctive—"offer *or* promise," thereby making "offering" and "promising" two distinct offenses.

LORE, C. J.:—We think this bail bond sets out the offense with sufficient precision to sustain the information.

Exception noted for defendant.

LORE, C. J.:—Gentlemen representing the defendant, have you any evidence on the point now raised by your plea in abatement?

*Mr. Hayes:*—We think the bail bond is the only evidence that can be offered.

*Mr. White:*—We ask for judgment, then, upon their plea.

*Mr. Hayes:*—We elect a judgment of *respondeat ouster.*

*Mr. Ward:*—It is a plea in abatement, not going to the merits, we have a right to plead over.

*Mr. Cooper:*—I don't know about that; that is a very serious question.

LORE, C. J.:—We render judgment against this defendant upon this plea in abatement.

*Mr. Hayes:*—And we have a right to plead over.

*Mr. White:*—We don't want that order.

LORE, C. J.:—The judgment is against the defendant upon this plea in abatement. What is your next step?

*Mr. White:*—Taking up the Information No. 4 in *State vs. Reiman,* for promising to pay $15, we offer the bail bond in evidence upon that.

*Mr. Hayes:*—That is the same bond, and the only bond in the two cases, and we certainly object to the Court's putting a double meaning upon it and construing it both ways.

*Mr. White:*—There are different counts upon it, the same date.

*Mr. Hayes:*—This is a different offense alleged in this information.

LORE, C. J.:—Did we understand the counsel for the defendant to admit when arguing the question in the other case that this bail bond would sustain an information upon a promise?

*Mr. Hayes:*—I hold that that would be the most favorable construction that could be put upon it, but I did not admit it.

(The Court here heard further argument upon the question).

LORE, C. J.:—We were not aware that the State had two informations upon the one commitment. Now we think you ought to elect which of these two you will stand upon.

*Mr. Cooper:*—Do I understand the Court to hold that we cannot set forth in two separate informations one transaction?

LORE, C. J.:—Your information must correspond with your commitment or with the proceedings below—with the bail bond.

BOYCE, J.:—It is not a question of setting forth two counts in one information for the same transaction.

LORE, C. J.:—You do not do that, but you have two separate informations. We do not undertake to say that you could not in one information with the same transaction, in different counts aver, that he offered money in one and that he promised it in another

but so far as it appears, you have two distinct and separate offenses not growing out of one transaction; it does not appear that it is one transaction.

*Mr. White:*—We will stand on No. 4. That is the one alleging a promise to pay, and not the one alleging an offer to pay. We will withdraw the bail bond in No. 5 and offer it in No. 4. We withdraw the information in No. 5.

*Mr. Hayes:*—We shall object to the bail bond in No. 4 on the ground that we have already stated to your Honors.

*Mr. White:*—We will abandon or *nolle pros.* No. 5 and offer the bail bond in No. 4.

Boyce, J.:—Do I understand that the proof that has been adduced in No. 5 applies to No. 4?

*Mr. Hayes:*—The Attorney-General need not go through the formal proof again. That is as to the paper itself; nothing else.

*Mr. Ward:*—We save our exception in this case.

Lore, C. J.:—Let a *nolle prosequi* be entered in No. 5; you had better proceed regularly in No. 4.

*Mr. Hayes:*—We want to save our exceptions. That is the reason we said we objected to the bond.

Lore, C. J.:—You had better go along regularly. You will prove this formally in No. 4; go on step by step.

Ezekiel V. Cooper, a Justice of the Peace was then sworn and proved the formal execution of the said bail bond, which was then offered in evidence by the Attorney-General and objected to by Counsel for the defendant on the same ground as before stated in No. 5 which had been *nolle prossed.*

LORE, C. J.:—We hold that the bail bond sets out the offense with sufficient precision to sustain the information, and order judgment against the defendant.

*Mr. Hayes:*—We desire to note an exception to that ruling; we also note an exception to the decision of the Court that it is sufficient.

*Mr. Ward* here raised the question as to whether said judgment was final, or a judgment of *respondeat ouster,* and asked, in order that there might be a ruling, that judgment of *respondeat ouster* be entered. Counsel for State contended it was a final judgment.

LORE, C. J.:—We have concluded what judgment we will render, and as giving our reasons better probably than we could state them off-hand, we will quote from *Wharton's Criminal Law, Sections 530—a and 537:*

"DOUBLE PLEADING.—Can a defendant plead simultaneously the general issue, and one or more special pleas? At common law, this must be answered in the negative, whenever such pleas are repugnant; as at common law all the pleas filed in a case are regarded as one. This is the strict practice in England, where the judges in review have solemnly ruled that special pleas cannot be pleaded in addition to the plea of not guilty. And in this country, in cases where not guilty has been pleaded simultaneously with *autrefois* acquit, the same course has been followed, and the plea of not guilty stricken off until the special plea is disposed of.

"In such case, after determining the special plea against the defendant, the present practice in the United States is to enter simply a judgment of *respondeat ouster* in all cases in which the special plea is not equivalent to the general issue.

"This, which is technically the correct practice, is not, however, always pursued. A short cut is often taken to the same

result, by directing when special pleas and the general issue are filed simultaneously, or are found together on the record before trial, that the special pleas should be tried first, and, if they are found against the defendant, then the general issue. But, under any circumstances, it is error to try the special pleas and the general issue simultaneously. The special plea must be always disposed of before the general issue is tried.

"If a special plea is determined against the defendant, is the judgment always *respondeat ouster*? Unless upon a trial by jury on a special plea which embraces the general issue, this question ought now to be answered in the affirmative. The old distinction taken in this respect between felonies and misdemeanors, being no longer founded in reason, should be rejected in practice. And the only consistent as well as just course is, to harmonize the present fragmentary rulings in this relation into the principle that in all cases the question of guilty or not guilty is one which the defendant is entitled of right, no matter how many technical antecedent points may have been determined against him, to have squarely decided by a jury."

And in the latter part of Section 537 of the same work, the learned author says:

"In England, the rule is that on a plea of abatement on the ground of misnomer, the judgment, if for the Crown, is final, and that the defendant cannot plead over. It seems otherwise, however, where the plea is to matter of law. In this country the practice is to require the defendant to plead over.

"How far errors in the grand jury can be thus noticed has already been considered."

The above reasoning commends itself to our judgment, and we will follow it. Let the judgment be a judgment of *respondeat ouster*.

Counsel for State here announce that the State elects to stand on the first count in No. 4, abandoning the other counts.

After · hearing the evidence on both sides the Court rendered the following judgment:

LORE, C. J.:—We have considered this case upon the proof, and a majority of the Court have reached the conclusion that under the proof in this case the guilt of the defendant is not proved beyond a reasonable doubt, which is the rule in all criminal cases. The judgment of the Court, therefore, is a judgment of not guilty.

Judgment, not guilty.